**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., on behalf of plaintiff and the class members defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 19 cv 5919 |
| v. | ) ) | Judge John Robert Blakey |
| XSPIRE PHARMA, LLC, doing business as Saver Express; GENTEX PHARMA, LLC; WRASER, LLC; and JOHN DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR
<u>PRELIMINARY APPROVAL OF SETTLEMENT</u>**

The Court hereby grants Plaintiffs' unopposed motion for preliminary approval of the parties' class action settlement and notice [50]. Having considered Plaintiff's moving papers, the signed Settlement Agreement (the "Settlement Agreement") attached as Appendix A to Plaintiff's Motion for Preliminary Approval, all other evidence submitted concerning Plaintiff's motion, being duly advised in the premises at the motion hearing on April 13, 2021, and good cause having been shown, the Court hereby finds that:

(a)     The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b)     The Class Notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c)     With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d)     This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1.     The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2.     The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> all persons and entities who were successfully sent faxes by or on behalf of Xspire Pharma, LLC, d/b/a Saver Express; Gentex Pharma, LLC; and Wraser, LLC on or about August 4, 2019, promoting the commercial availability or quality of their goods or services which did

not contain an opt out notice as described in 47 U.S.C. § 227.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representatives are typical of the claims of the Settlement Class, and the Class Representatives will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court preliminarily appoints Plaintiff Glen Ellyn Pharmacy, Inc. and Medicine to Go Pharmacies, Inc. as Representatives of the Settlement Class and finds that they meet the requirements of Fed. R. Civ. P. 23.

4. The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23: Daniel A. Edelman and Dulijaza (Julie) Clark of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603.

5. If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Final Approval Order is reversed, vacated, or modified in any material respect which is not agreeable to all

Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order; (b) this case shall proceed as though the Settlement Class had never been certified; and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated. Defendants retain the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

6.      The Settlement Class Administrator shall give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

7.      The Settlement Class Administrator is Class-Settlement.Com.

8.      The form of notice that the Settlement Class Administrator will provide is attached as Exhibit 1 to the Settlement Agreement. By **May 18, 2021**, Class Counsel is ordered to direct the Settlement Class Administrator to mail and fax the Notice and Claim Form to the Settlement Class Member via first class mail to the address, if any, for the Settlement Class Member contained in the Fax List. The Claims Administrator shall take reasonable steps to attempt to forward any notices

it mails to Settlement Class Members which are returned with a forwarding address. The Settlement Class Administrator shall also create a website that allows for electronic submission of claim forms and the website may post the notice, claim form, this Order, Plaintiff's Fee Petition and the Settlement Agreement (excluding exhibits). This notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit. The Court finds that no other notice is necessary. The Administrator and/or Settlement Class Counsel shall provide the Notice and/or the Claim Form to Class Members who call to request it and will also post the notice and the Settlement Agreement (excluding exhibits) on their firm's website.

9.     To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a)     Claim Forms shall be returned by Class Members to the Settlement Class Administrator online or by mail, postmarked on or before **July 20, 2021**. Claims not submitted by this date shall be barred.

(b)     Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by mail postmarked to Settlement Class Counsel and Defendants' Counsel on or before **July 20, 2021**, or shall  be forever barred. Each objection must contain the following information: (i)

the objector's name (or business name, if the objector is an entity), and address; (ii) the fax number to which the fax was sent; (iii) a statement of the objection to the Settlement Agreement; (iv) an explanation of the legal and factual basis for the objection; and (v) documentation, if any, to support the objection.

(c)     All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Class Counsel and counsel for Defendants by mail postmarked on or before **July 20, 2021**, or shall be forever barred.

(d)     Requests by any Class Member to opt out of the settlement must be served by mail postmarked to Settlement Class Counsel or the Settlement Claims Administrator on or before **July 20, 2021**, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Class Member's name or company's name, address, the fax number to which the fax was sent, the case name and number; and (b) a statement to the effect that the Class Member does not want to participate in the settlement and waives all rights to any benefits of the settlement.

10.     Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than **April 16, 2021**.

11.     Settlement Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by **August 24, 2021**.

12.     The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on **September 8, 2021 at 11:00 a.m.**

13.     All papers in support of the Settlement Agreement shall be filed no later than **August 24, 2021**. Any responses to objections shall be filed with the Court on or before **August 24, 2021.**  There shall be no replies from objectors. The parties shall make any *cy pres* recommendations by **August 24, 2021.**

14.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

15.     Costs associated with notice, claims administration and distribution of settlement checks shall come from the Settlement Fund. Defendants shall advance costs of notice and administration from the Settlement Fund (not to exceed $30,000.00) to the Settlement Class Administrator or Settlement Class Counsel within five (5) days after entry of this Order. Defendants shall provide the Class List in MS Word or Excel format to Settlement Class Counsel and/or the Settlement Class Administrator within five (5) days after this Order is entered.

16.     Class Counsel to file their fee petition by **June 18, 2021**, at least thirty (30) days prior to the deadline for Class Members to submit objections.

17.     Defendant or persons acting on its behalf, shall within three days prior to the final approval hearing, deposit the Settlement Fund (less any amounts advanced for notice and administration costs) into the Client Trust Account of

Defendant's Counsel. Defendant's Counsel shall notify Class Counsel in writing on or before the date of the final approval hearing that the Settlement Fund (less any amounts advanced for notice and administration costs) has been deposited into its Client Trust Account.

Dated:  April 15, 2021

Entered:

John Robert Blakey
United States District Judge