**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., on behalf of plaintiff and the class members defined herein, <br><br>      Plaintiff,<br>  v.<br><br>XSPIRE PHARMA, LLC, doing business as Saver Express; GENTEX PHARMA, LLC; WRASER, LLC; and JOHN DOES 1-10,<br><br>      Defendants. | Case No. 19 cv 5919<br><br>Judge John Robert Blakey |

## **FINAL APPROVAL ORDER**

On April 15, 2021, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Glen Ellyn Pharmacy, Inc. ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and Defendants Xspire Pharma, LLC, doing business as Saver Express, Gentex Pharma, LLC and Wraser, LLC (collectively, "Defendants"), *see* [54], as memorialized in the parties' Settlement Agreement (the "Settlement Agreement") [50] at 15–36.

On September 8, 2021, the Court held a fairness and final approval hearing (the "Final Approval Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. The Court provided an opportunity to be heard to all persons requesting to be heard in accordance with the Preliminary Approval Order. Having considered the parties' Settlement Agreement [50] at 15–36, Plaintiff's Memorandum in Support

of Final Approval of the Class Action Settlement [57], and all other evidence submitted (including [55], [56]), and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiffs, Defendants, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. The Parties and their counsel shall implement and consummate the Settlement Agreement according to its terms and provisions. The Settlement Agreement is binding on and has res judicata and preclusive effect in all pending and future lawsuits or other proceedings brought or maintain by or on behalf of Plaintiff and all other Settlement Class Members who have not opted out of the Settlement. Any pending actions addressing the same conduct and harm that is the subject of this Settlement Agreement shall be terminated based on the entry of this Final Judgment and Order. Any timely objections that were filed have been considered and are overruled. Accordingly, all members of the Settlement Class who have not opted out are bound by this Order finally approving the Settlement.

**Class Certification**

4. On April 15, 2021, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court entered an order entitled, "Order Preliminarily Approving Class Action Settlement and Class Notice" (the "Preliminary Approval Order"), [54].

5. The following Settlement Class is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities who were successfully sent faxes by or on behalf of Xspire Pharma, LLC, d/b/a Saver Express; Gentex Pharma, LLC; and Wraser, LLC on or about August 4, 2019, promoting the commercial availability or quality of their goods or services which did. not contain an opt out notice as described in 47 U.S.C. § 227.

6. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

7. The Court designates Glen Ellyn Pharmacy, Inc. and Medicine to Go Pharmacies, Inc. as representatives of the Settlement Class.

8. The Court appoints Dulijaza (Julie) Clark and Daniel A. Edelman of Edelman, Combs, Latturner and Goodwin, LLC as Class Counsel.

**Class Notice**

9. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

10. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile and first-class U.S. Mail to each Settlement Class Member whose identity could be identified through reasonable effort. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on its firm website, www.edcombs.com. The Class Notice and Settlement Agreement were also posted on www.Class-Settlement.com.

11. A total of 1,528 valid claims have been submitted, inclusive of (a) 48 submissions which initially contained deficiencies that were ultimately cured (after follow up) making them valid claims; and 1 (one) late but otherwise valid claim which the parties request and the Court agrees shall be deemed valid.

12. Plaintiff submitted the affidavit of Dorothy Sue Merriman of Class-Settlement.com to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Settlement Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent: (1) fully complied with the requirements of Rule

4

23(c)(2)(B) and due process; (2) constituted the best notice practicable under the circumstances; (3) constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, their right to object to or exclude themselves from the proposed Agreement and to appear at the Final Approval Hearing; and (4) constituted due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

13. No member of the Settlement Class has filed an objection to the settlement.

14. Requests for exclusion have been submitted on behalf of the following entity / fax number, which is hereby excluded from the Class and this case:

> Bernens Convalescent Pharmacy, Inc.
> 5053 Glenway Avenue
> Cincinnati, OH 45238
> FAX Number: 513-471-1443

## Class Compensation

15. In accordance with the terms of the Settlement Agreement, Defendants shall provide a total of eight hundred thousand dollars ($800,00.00) to create a Settlement Fund, less any costs advanced for notice and administrative expenses pursuant to the Settlement Agreement. No portion of the Settlement Fund shall revert back to Defendant.

16. As set forth in the Settlement Agreement, each member of the class who has submitted a timely and otherwise valid claim will be entitled to a *pro rata* share of amounts remaining in the Settlement Fund subsequent to deductions for costs of

notice and administration expenses; attorneys' fees; and class representative awards to Glen Ellyn Pharmacy, Inc. and Medicine to Go Pharmacies, Inc. The Settlement Administrator will cause delivery of payments to class members. As agreed between the parties, checks issued to the class members will be void sixty (60) days after issuance. Any money remaining from checks issued to claiming class members but not cashed shall be awarded to The Chicago Bar Foundation.

### Releases

17. All claims or causes of action of any kind by Plaintiff and Settlement Class Members who have not timely opted out or otherwise excluded themselves from the Settlement Class are forever barred and released pursuant to the terms of the releases set forth in Paragraph 11 of the Settlement Agreement.

18. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal shall be without prejudice as to those persons identified above who submitted valid exclusions), and without fees or costs except as provided for in the Settlement Agreement.

### Award of Attorneys' Fees, Costs, and Incentive Award

19. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $256,666.67 as an award of attorneys' fees to be paid from the Settlement Fund and finds this amount of fees is fair and reasonable.

20. The Court grants Class Counsel's request for an incentive award to the class representatives and awards $7,500.00 to Glen Ellyn Pharmacy, Inc. and

$2,500.00 to Medicine to Go Pharmacies, Inc. The Court finds that these payments are justified by the Class Representatives' service to the Settlement Class. These payments shall be made from the Settlement Fund.

### **Other Provisions**

21. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

22. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

23. This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Settlement Class, and Defendant to determine all matters relating in any way to this Final Approval Order and Judgment, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

24. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

25. Without further approval from the Court, the Parties may agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including Exhibit B to this Agreement) as (1) shall be consistent in all material respects with this Final Approval Order and Judgment, or (2) do not limit the rights of Settlement Class Members

26. The Settlement Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date, as more fully set forth in the Settlement Agreement.

27. Within thirty (30) days of the last date by which all distributions are made to the Settlement Class Members, inclusive of any second distribution payment to Class Members provided for in Settlement Agreement, if needed, Class Counsel shall file a notice with the Court affirming that the Settlement Fund was paid out as contemplated by the Settlement Agreement.

28. Any amounts remaining in the Settlement Fund after all distributions are made, inclusive of any second distribution payment to Class Members provided for in Settlement Agreement, if needed, are to be paid as a *cy pres* award to the Chicago Bar Foundation.

29. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

Dated: September 13, 2021

                Entered:

                *[signature]*
                John Robert Blakey
                United States District Judge

**Formatted:** Normal, Indent: Left: 1", First line: 0", Line spacing: single, Font Alignment: Baseline